UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MICHELLE BARKER,<br><br>              Plaintiff,<br>v.<br><br>TRUEACCORD CORP.,<br><br>              Defendant. | Case No.: **2:21-cv-00079**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. §1692 *et seq*.<br>2. FCCPA, Fla. Stat. §559.55 *et seq*. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Michelle Barker ("Michelle"), by and through her attorneys, alleges the following against Defendant TrueAccord Corp. ("TrueAccord"):

**INTRODUCTION**

1.    Count I of Michelle's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

2.    Count II of Michelle's Complaint is based upon the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq*. The FCCPA is a Florida statute that regulates the collection of debts within the state by debt collectors and original creditors.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k(d).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. TrueAccord transacts business here; therefore, personal jurisdiction is established.

## PARTIES

6. Michelle is a natural person residing in Port Charlotte, Charlotte County, FL.

7. Michelle is a "consumer" as defined by 15 U.S.C. §1692a(3) and §559.55(8), Fla. Stat.

8. TrueAccord is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a "consumer collection agency" as defined by §559.55(3), Fla. Stat.

9. TrueAccord is incorporated in Delaware and its principal place of business is located at 16011 College Blvd, Suite 130, Lenexa, KS 66219, and can be served at its registered agent Incorp Services, Inc. located at 534 S. Kansas Ave, Ste 1000, Topeka, KS 66603.

10. TrueAccord can be served on its Florida registered agent Incorp Services, Inc., located at 17888 67th Ct. N, Loxahatchee, FL 33470.

11. TrueAccord acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Beginning in or around June 2020, TrueAccord began attempting to collect a consumer debt owed by Michelle.

13. The debt arose out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

14. On July 8, 2020, Michelle sent TrueAccord a certified letter requesting that TrueAccord verify the debt it was attempting to collect.

15. TrueAccord received Michelle's certified letter on July 20, 2020.

16. Thereafter, TrueAccord did not verify or otherwise respond to Michelle's letter.

17. Despite failing to verify the debt, TrueAccord continued to send debt collection emails to Michelle.

18. On or about September 18, 2020, Michelle sent TrueAccord a second certified letter informing TrueAccord that it had failed to verify the debt that it was attempting to collect.

19. TrueAccord received Michelle's second certified letter on September 25, 2020.

20. Despite having received two debt verification requests from Michelle, TrueAccord continued regularly sending Michelle debt collection emails.

21. TrueAccord sent no less than ten (10) collection emails after Michelle's

second certified letter.

22. On or about October 6, 2020, TrueAccord sent Michelle an email threatening litigation if she did not contact TrueAccord.

23. The email specifically stated in pertinent part: "At this time, no attorney has personally reviewed the particular circumstances of your account. However, if you fail to contact us about this account it will be returned to our client who then may forward it to a local attorney for the purposes of filing suit."

24. TrueAccord's conduct was not only willful but was done with the intention of deceiving, misleading, harassing, coercing, abusing, and oppressing Michelle into paying a debt TrueAccord could not verify.

25. As a result of TrueAccord's conduct, Michelle has sustained actual damages including, but not limited to, stress, anxiety, embarrassment, anguish, and emotional and mental pain.

26. Michelle was confused and obfuscated that TrueAccord continued to send her collection emails when she had sent two letters, by certified mail, requesting that TrueAccord verify the debt it was attempting to collect.

27. Michelle spent time, effort and money into trying to discover whether the alleged debt was accurate and who was the current holder.

28. TrueAccord's conduct has worried Michelle that a lawsuit may be filed, for which she will be served by a colleague of her husband, causing her embarrassment and humiliation.

29. Michelle spent time, effort and money into getting help into discovering

-4/7-       *Barker, Michelle v. TrueAccord Corp.*
              Complaint and Demand for Jury Trial

whether TrueAccord's emails were a scam or were from an actual debt collector.

## COUNT I

### Violations of the FDCPA, 15 U.S.C. §1692 *et seq.*

30. Michelle incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. TrueAccord violated the FDCPA. TrueAccord's violations include, but are not limited to the following:

    a. TrueAccord violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§1692b to 1692j;

    b. TrueAccord violated 15 U.S.C. §1692g(b) by failing to cease collection attempts of a disputed debt without first validating the debt;

    c. TrueAccord violated 15 U.S.C. §1692e(5) by threatening Michelle with litigation when TrueAccord did not intend to litigate;

    d. TrueAccord violated 15 U.S.C. §1692e(10) by using a threat of litigation to attempt to obtain information from Michelle.

32. TrueAccord's acts, as described above, were done knowingly and willfully.

33. As a result of the foregoing violations of the FDCPA, TrueAccord is liable to Michelle for declaratory judgment that TrueAccord's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs. 15 U.S.C. §1692k(a).

## COUNT II

### Violations of the FCCPA, §559.55 *et seq.*, Fla. Stat.

34. Michelle incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. TrueAccord violated the FCCPA. TrueAccord's violations include, but are not limited to the following:

    a. TrueAccord violated §559.72(7) by willfully sending collection emails with the intent to abuse or harass Michelle;

    b. TrueAccord violated §559.72(9) by willfully sending collection emails knowing that the debt was not legitimate or knowing that TrueAccord did not have a right to send those emails.

36. As a result of TrueAccord's violations of §559.72, Michelle is entitled to an award of actual damages and statutory damages of one thousand dollars ($1,000.00), for each and every violation, pursuant to §559.77(2), Fla. Stat. The Court may award additional statutory damages by considering the nature of TrueAccord's noncompliance with §559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. Section 559.77(2) expressly authorizes the Court to award Michelle punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Michelle Barker hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michelle Barker respectfully requests judgment be entered against Defendant TrueAccord Corp. for the following:

A. Declaratory judgment that TrueAccord violated the FDCPA and the FCCPA;

B. Actual, statutory and punitive damages against TrueAccord pursuant to 15 U.S.C. §1692k(a);

C. Actual, statutory and punitive damages against TrueAccord pursuant to §559.77(2), Fla. Stat.;

D. Attorneys' fees and court costs pursuant to 15 U.S.C. §1692k(a)(3), and §559.77(2), Fla. Stat.;

E. Awarding Michelle any pre-judgment and post-judgment interest as may be allowed under the law; and

F. Any other relief that this Court deems appropriate.

Respectfully submitted this 28th day of January 2021.

By: */s/ Santiago J Teran*
Santiago J Teran
FL #1018985
Price Law Group, APC
1001 N Federal Hwy, Ste 349
Hallandale, FL 33009
C: (347) 946-7990
T: (818) 600-5586
F: (818) 600-5486
E: santiago@pricelawgroup.com
*Attorneys for Plaintiff,*
*Michelle Barker*